UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AIMEE L. CRESSEND,**

    **Plaintiff,**

    v.

    Civil Action 2:09-cv-01060
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E.A. Preston Deavers

**ANDY WAUGH,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff, Aimee L. Cressend, brings this action against Defendant Sergeant Andy Waugh and Jane or John Does 1-5, asserting claims of malicious prosecution in violation of 42 U.S.C. § 1983 and Ohio common law. This matter is before the Court for consideration of Plaintiff's Motion for Extension of Time to Conduct Additional Discovery and to Reply to Defendants' Motion for Summary Judgment (ECF No. 23), Defendant Waugh's Memorandum in Opposition (ECF No. 29), and Plaintiff's Reply (ECF No. 30.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

I.

Plaintiff filed her Complaint on November 20, 2009. (ECF No. 2.) In her Complaint, Plaintiff alleges that Defendant Waugh, a detective with the city of Pataskala, and Jane or John Does acted under color of state law and without probable cause to search her home, arrest her, and charge her for cultivating marijuana. More specifically, Plaintiff alleges that the affidavit in support of the search warrant obtained to search her Cincinnati home contained a

misrepresentation and, absent this misrepresentation, would fail to establish probable cause.  In his Answer, Defendant Waugh denies Plaintiff's allegation that the search warrant statement at issue was untrue "for want of knowledge."  (Def. Waugh's Answer ¶ 11, ECF No. 11.)  He also denies that he lacked probable cause to seek Plaintiff's arrest and raises the defense of qualified immunity.

In its January 27, 2010 Preliminary Pretrial Order, the Court established December 31, 2010 as the discovery cut-off date in this case.  (ECF No. 7.)  Prior to the discovery cut-off, Defendant Waugh issued written discovery and took Plaintiff's deposition.  Plaintiff did not issue any written discovery or request the deposition of Defendant Waugh.

On January 28, 2011, Defendant Waugh filed his Motion for Summary Judgment.  (ECF No. 22.)  In this Motion, Defendant Waugh asserts that he is entitled to summary judgment based upon the doctrine of qualified immunity.  Defendant Waugh's Motion for Summary Judgment is predicated, in part, upon his sworn statement that the alleged misrepresentation in his affidavit in support of the search warrant was a "typographical error."  (Def. Waugh's Mot. for Summ. J. 3, ECF No. 22.)  Defendant Waugh, in his affidavit, explains as follows:

> The Affidavit I submitted in support of Amiee Cressend's arrest warrant contained a typographical error.  The affidavit in support of Amiee Cressend's arrest warrant stated that: "The [confidential informant] became suspicious after the defendant asked to put the electric bill in the [confidential informant's] name . . ."  This was a typographical error made by the Licking County Prosecutor's office when they prepared my Affidavit.

(Waugh Aff. ¶ 15, ECF No. 22-1.)  Defendant Waugh also asserts that he had probable cause independent of the confidential informant's statement to arrest Plaintiff.

Plaintiff filed the subject Motion in response to Defendant Waugh's Motion for Summary Judgment, requesting the Court's permission to conduct further discovery and extend the time

for her response pursuant to Federal Rule of Civil Procedure 56(d).  Plaintiff maintains that such an extension is appropriate because the discovery she seeks could preclude summary judgment, this is the first time that Defendant Waugh has made these representations, and Defendants control the relevant evidence.

Defendant Waugh opposes Plaintiff's Rule 56(d) Motion, asserting that she is not entitled to conduct discovery pursuant to Rule 56(d) because she has failed to demonstrate why the information currently sought could not previously have been discovered.  Additionally, Defendant Waugh asserts that Plaintiff has failed to demonstrate good cause as required under Federal Rule of Civil Procedure 16.  Finally, Defendant posits that the Court must deny Plaintiff's Motion because the requested discovery is unnecessary for the determination of the issue of qualified immunity.

## II.

Although the deadline for discovery has expired, Plaintiff seeks to conduct discovery pursuant to Rule 56(d).[1]  Rule 56(d) provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The nonmovant, here Plaintiff, "bears the obligation to inform the district

---

[1] As the United States Court of Appeals for the Sixth Circuit recently noted, "[r]ecent amendments to the rules moved the provision formerly found in subdivision (f) to subdivision (d).  *Murphy v. Grenier*, No. 09-2132, 2011 WL 180780, at *4 n.1 (6th Cir. Jan. 19, 2011).

court of the need for discovery." *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996). "Thus, before a summary judgment motion is decided, the nonmovant must file an affidavit pursuant to Fed. R. Civ. P. [56(d)] which details the discovery needed, or file a motion for additional discovery." *Id*. at 1149. Further, the affidavit must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 866 F.2d 1391, 1393–94 (3d Cir. 1989)).

Where, as here, the nonmovant has complied with Rule 56(d)'s procedural requirements, the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). These factors include "(1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[] the ruling . . . ; (3) how long the discovery period had lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests." *Id*. (citing *Plott v. Gen. Motors Corp*., 71 F.3d 1190, 1196–97 (6th Cir. 1995) (citations omitted), *cert. denied*, 517 U.S. 1157 (1996)). If the nonmovant as not "receive[d] a full opportunity to conduct discovery," denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion. *See Ball v. Union Carbide Corp*., 385 F.3d 713, 719 (6th Cir. 2004).

Additionally, because the deadline for discovery has past, Plaintiff must first demonstrate that good cause exists to modify the Court's discovery deadline. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005). "The primary

measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.

Plaintiff moves the Court for permission to conduct discovery to ascertain the following:

> (a) whether there was probable cause other than the confidential informant's statement to pursue a warrant to arrest plaintiff, (b) whether the errors in the affidavit Lieutenant Waugh submitted in support of the application for an arrest warrant were the prosecutor's and (c) why Lieutenant Waugh executed an affidavit he now claims put words in his mouth.

(Herbert Aff. ¶ 4, ECF No. 23-1.)

Upon consideration of the *CenTra* factors and Rule 16's good cause standard, the Court concludes that Plaintiff is not entitled to the relief she requests. The Court's arrives at this conclusion based chiefly upon Plaintiff's counsel's failure to sufficiently set forth his reasons for not previously discovering the information Plaintiff presently seeks to discover. In his Affidavit, Plaintiff's counsel, John W. Herbert, states that he had not previously discovered the information because Defendant Waugh's statement that the affidavit contained a typographical error "was a complete surprise." (Herbert Aff. ¶ 3, ECF No. 23-1.) Plaintiff correctly notes that Defendant Waugh first stated that the alleged misrepresentation in the warrant was the result of a typographical error in an Affidavit filed in support of his Motion for Summary Judgment. Plaintiff, however, in her Complaint, had identified the alleged misrepresentation as key to her

5

claims, yet she still neglected to conduct discovery to identify Defendant Waugh's bases for including the statement at issue. Indeed, Plaintiff failed to conduct *any* discovery, despite having a full opportunity—nearly a full year under the Court's January 27, 2010 Preliminary Pretrial Order— to conduct such discovery. (ECF No. 7.) Consequently, *any* statements Defendant Waugh made in support of his Summary Judgment Motion to explain the alleged misrepresentation would have been a "surprise" to Plaintiff. Put another way, Plaintiff's failure to discover this information until Defendant Waugh filed his Motion for Summary Judgment is attributable to her own dilatoriness and her complete failure to conduct any discovery. The purpose of Rule 56(d) is not to permit a nonmovant to wait for the movant's summary judgment motion to ask for discovery on the issues raised in the motion in lieu of conducting discovery within the Court's established discovery deadline. *See Wolfel v. Gilliam*, No. 2:09-CV-756, 2010 WL 2667355, at *9 (6th Cir. June 30, 2010) (denying the plaintiff's Rule 56(f) motion where the plaintiff had "failed to even attempt to obtain additional discovery in the several months since the discovery deadline was set"). Under these circumstances, the Court declines to extend the discovery deadlines under Rule 56(d) or Rule 16(b).

Having concluded that Plaintiff is not entitled to the requested extension of time to conduct discovery for the reasons set forth above, it is unnecessary for the Court to address Defendant Waugh's alternative argument that the Court must deny Plaintiff's Motion because the requested discovery is unnecessary for the determination of the issue of qualified immunity.

**IV.**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Extension of Time to Conduct Additional Discovery and to Reply to Defendants' Motion for Summary Judgment. (ECF No. 23.)

**IT IS SO ORDERED**.


<u>March 11, 2011</u>                                             <u>    */s/ Elizabeth A. Preston Deavers*    </u>
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge